The Honorable Bobby G. Newman State Representative P.O. Box 52 Smackover, AR 71762-0052
Dear Representative Newman:
This is in response to your request for an opinion on the issue of physicians withholding nutrition and hydration from patients. You have asked, specifically, "under what circumstances would it be allowable to withhold nutrition and hydration from a patient."
There is no definitive case law or statutory guidance in Arkansas with respect to a decision involving the withholding or withdrawal of nutrition and hydration. This office has previously opined, and I agree, that the "Arkansas Rights of the Terminally Ill or Permanently Unconscious Act" (A.C.A. § 20-17-201 etseq. (Supp. 1989)), does not provide a basis for withholding or withdrawing nutrition and hydration. See Att'y. Gen. Op. No. 87-215. Nor has our research disclosed other statutory or case law authority in Arkansas squarely addressing the issue.
The United State Supreme Court in Cruzan v. Director, Mo. HealthDept., 497 U.S., 111 L.Ed.2d 224 (1990), acknowledged a constitutional liberty interest in the refusal of unwanted medical treatment, but gave great deference to the State of Missouri's decision to impose a clear and convincing evidence standard in determining whether the right of refusal could be exercised by a guardian (surrogate) on behalf of the incompetent patient. Id. at 243, 246. In reaching its decision, the court stated:
 We note that many courts which have adopted some sort of substituted judgment procedure in situations like this, whether they limit consideration of evidence to the prior expressed wishes of the incompetent individual, or whether they allow more general proof of what the individual's decision would have been, require a clear and convincing standard of proof for such evidence. [Citations omitted.]
Id. at 246.
The court also held that the federal constitution does not mandate the application of a substituted judgment standard in such cases. Id. at 246-247. With regard to the competent person, the court noted that the common law doctrine of informed consent is viewed as generally encompassing the right of a competent individual to refuse medical treatment. Id. at 241.
If faced with the question, an Arkansas court would presumably recognize the "liberty interest" identified in Cruzan. TheCruzan case stands for the proposition, however, that states remain free to establish differing evidentiary standards necessary to protect this interest. Because there are no clear guidelines in Arkansas for surrogate decision-making, we cannot draw any definite conclusions with regard to circumstances involving an incompetent patient. See Roden, Litigating Lifeand Death, 10 Harv. L. Rev. 375 (1988) (in-depth analysis of the various standards applied in termination of life support cases.) Although in my opinion our statutes do not, as previously noted, form a basis for withholding or withdrawing nutrition and hydration, a court might look to the existence of a living will or a proxy directive as evidence of the patient's intent in the exercise of the recognized constitutionally protected right. (The court in Cruzan, in dicta, stated that appointing a proxy to make health care decisions may be a probative source of evidence.111 L.Ed. 2d at 249 (concurring opinion.)) If the decision involves a competent individual, the Cruzan case suggests that the competent patient generally retains the right to refuse life-sustaining nutrition and hydration. Id. at 242. There are currently no guidelines or standards to draw upon in Arkansas in circumstances involving an incompetent patient where there is no clear evidence of the patient's intent.
This office cannot, in the context of an Attorney General's opinion, outline the myriad factual contexts in which this question might arise. Nor, in the absence of clear guidance from the courts or the legislature, can we identify with certainty the circumstances under which this decision can be made in Arkansas. The absence of a national consensus on the issue also prevents reference to a clearly emerging solution in other states as a means of predicting Arkansas' approach to the problem. SeeCruzan, 111 L.Ed.2d at 250 (concurring opinion). The Cruzan
decision, while clear in affirming the existence of a constitutional right to refuse unwanted medical treatment, including nutrition and hydration, left many issues unresolved. The full impact of the decision remains to be seen. Many issues in this area remain to be resolved in Arkansas through the courts and/or the General Assembly.
While we are unable at this time to provide a conclusive response to your inquiry, we hope that the foregoing provides general guidance in addressing the issues involved.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb